**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. _______- Civil**

GENERAL STAR INDEMITY
COMPANY,
Plaintiff,

v.

ZEIG LAW FIRM, LLC, JUSTIN E.
ZEIG, EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendants.
_____________________________________/

**COMPLAINT**

General Star Indemnity Company ("General Star"), brings this complaint against Zeig Law Firm, LLC (the "Firm"), Justin E. Zeig ("Zeig"), and Experian Information Solutions, Inc. ("Experian").

## I. INTRODUCTION

1. This is an insurance coverage action arising out of an underlying lawsuit in which Experian alleges that Zeig and the Firm participated in a scheme to settle sham FCRA lawsuits at fraudulent values and to retain a portion of the resulting settlement proceeds. General Star is providing Zeig and the Firm with a defense to that lawsuit under a full reservation of rights, including the right to deny coverage and recoup defense expenses. General Star seeks a declaratory judgment that it owes no defense or indemnity obligations for the Experian lawsuit under the lawyers professional liability policy issued

to the Firm and an order requiring Zeig and the Firm to reimburse all defense expenses General Star has paid, and continues to pay, on their behalf.

## II. JURISDICTION AND VENUE

2. General Star is a corporation incorporated in Delaware with its principal place of business in Connecticut.

3. The Firm is a dissolved Florida limited liability company whose sole member is a Florida citizen.

4. Zeig is an individual domiciled in Florida.

5. Experian is an Ohio corporation with its principal place of business in California.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Zeig and the Firm reside in this district, and under § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred here.

## III. FACTS

### A. The General Star Policy

8. General Star issued Lawyers Professional Liability Insurance Policy No. IJA402693 to the Firm on a claims-made basis for the policy period of November 19, 2023 to November 19, 2024. The retroactive date is November 5, 2016. A duplicate of the policy (with premium information redacted) is attached as Exhibit 1.

9. Subject to its terms and conditions, the policy provides coverage for "**Damages"** the **Insured** becomes legally obligated to pay for "**Claims"** first made and reported during the policy period.

10. The policy, however, excludes claims "based upon or arising out of" dishonest, fraudulent, criminal, knowingly wrongful, willful, or intentional acts; intentional misrepresentation; willful or knowing violations of law, including RICO and other deceptive trade practice statutes; conversion, misappropriation, improper commingling of funds, or the return or restitution of fees or expenses; violations of the Fair Credit Reporting Act; and any actual or alleged gain of personal profit or advantage to which an Insured is not legally entitled.

11. The policy further states that General Star has a duty to defend only those **Claims** seeking **Damages** to which the insurance applies, and expressly provides that General Star "shall have no duty to defend" any **Claim** seeking **Damages** to which the policy does not apply.

12. The policy also contains a reimbursement condition under which, if General Star pays **Damages** or **Claims Expenses** under a reservation of rights and is later determined to be entitled to reimbursement, all Insureds for whose benefit payment was made are jointly and severally liable for those amounts.

**B. The Experian Lawsuit.**

13. On June 3, 2024, Experian filed a complaint against Zeig, the Firm, and others in the United States District Court for the Central District of California, Case No. 8:24-cv-1186. A copy is attached as Exhibit 2.

14. On January 6, 2025, Experian filed an amended complaint, which is the operative pleading. A copy is attached as Exhibit 3.

15. In the amended complaint, Experian alleges that Zeig and the Firm participated in an "association-in-fact enterprise" with another law firm to extort Experian by settling sham FCRA lawsuits at fraudulent values.

16. Experian further alleges that Zeig and the Firm knowingly conspired to manufacture fake credit denial letters that were used as purported evidence of standing and damages and to induce Experian to make settlement payments.

17. Experian alleges that Zeig and the Firm engaged in wire fraud and money laundering by transferring portions of the settlement payments through interstate wires from the Firm's client trust account.

18. According to Experian, Zeig and the Firm also received a portion of the settlement proceeds as part of the alleged laundering scheme.

19. Experian asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 et seq., and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

20. Experian seeks damages, injunctive relief, interest, attorney's fees and costs, and restitution.

**C. The Instant Coverage Dispute.**

21. After Experian filed its original complaint, Zeig and the Firm requested coverage from General Star, including a defense and indemnity for any liability they might incur.

22. General Star agreed to defend Zeig and the Firm under a full reservation of rights, including the rights to deny coverage and to recoup defense expenses paid on their behalf.

23. General Star disputes coverage for the amended complaint based on the policy exclusions described above.

24. An actual controversy therefore exists under 28 U.S.C. § 2201 regarding General Star's obligations, if any, in connection with the Experian lawsuit and its right to recoup the defense expenses it has paid, and continues to pay, on Zeig's and the Firm's behalf.

## IV. CAUSES OF ACTION

### Count One – Declaratory Judgment (No Duty to Defend)

25. General Star repeats and realleges Paragraphs 1–24 as though fully set forth here.

26. An actual controversy exists regarding General Star's duty to defend.

27. Under the terms of the policy, General Star has no duty to defend any Claim "seeking **Damages** to which this insurance does not apply."

28. Because the allegations in the amended complaint fall within the policy's exclusions, General Star owes no duty to defend Zeig or the Firm in the Experian lawsuit and may cease paying defense costs.

29. General Star is entitled to a declaratory judgment under 28 U.S.C. § 2201 confirming that it has no duty to defend the amended complaint and no obligation to continue paying defense expenses.

WHEREFORE, General Star respectfully requests that the Court enter a judgment declaring that General Star owes no duty to defend Zeig or the Firm in connection with the Experian lawsuit and may cease payment of defense costs.

**Count Two – Declaratory Judgment (No Duty to Indemnify)**

30. General Star repeats and realleges Paragraphs 1–29 as though fully set forth here.

31. An actual controversy exists regarding General Star's duty to indemnify Zeig and the Firm for any liability arising from the Experian lawsuit.

32. Any liability alleged in the amended complaint is excluded from coverage for the same reasons stated above, including that the alleged conduct is intentional, fraudulent, unlawful, involves misappropriation or conversion, involves violations of federal and state consumer protection statutes, and seeks restitution or return of funds.

33. Under the policy, General Star has no obligation to indemnify Zeig or the Firm with respect to any liability they may incur that is not, in fact, covered under the policy's terms.

34. Because any liability arising from the Experian lawsuit would fall wholly within the policy's exclusions, General Star is entitled to a declaratory judgment that it owes no duty to indemnify Zeig or the Firm.

WHEREFORE, General Star respectfully requests that the Court enter a judgment declaring that General Star owes no duty to indemnify Zeig or the Firm for any liability they may incur in the Experian lawsuit.

**Count Three – Reimbursement**

35. General Star repeats and realleges Paragraphs 1–29 as though fully set forth here.

36. The policy contains a reimbursement condition providing that, if General Star pays **Damages** or **Claims Expenses** under a reservation of rights and is later determined to be entitled to reimbursement, all **Insureds** for whose benefit payment was made are jointly and severally liable to General Star for those amounts.

37. General Star agreed to defend Zeig and the Firm under a reservation of rights, including the right to recoup defense expenses.

38. If the Court declares that no coverage is available under the policy for the Experian lawsuit, then General Star is entitled to recover all defense expenses it has paid and continues to pay on Zeig's and the Firm's behalf.

39. Zeig and the Firm are jointly and severally liable to reimburse General Star for those amounts.

WHEREFORE, General Star respectfully requests that the Court enter a judgment holding Zeig and the Firm jointly and severally liable to reimburse General Star for all defense expenses paid on their behalf.

Dated: May 26, 2026

Respectfully submitted,

/s/ Ashley N. Flynn

Christopher A. Wadley* (IL Bar No. 6278651)
Philip G. Brandt* (IL Bar No. 6295960)
Ashley N. Flynn (FL Bar No. 124995)
Walker Wilcox Matousek LLP
One N. Franklin St. Ste. 3200

Chicago, IL 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
Email: cwadley@walkerwilcox.com
pbrandt@walkerwilcox.com
aflynn@walkerwilcox.com

Attorneys for General Star Indemnity Company

Pending admission *pro hac vice*