**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:26-CV-61549-AHS

GENERAL STAR INDEMNITY COMPANY,

Plaintiff,

v.

ZEIG LAW FIRM, LLC, JUSTIN E. ZEIG, and EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian"), through its undersigned attorneys, hereby answers Plaintiff General Star Indemnity Company's ("Plaintiff") Complaint (the "Complaint"). Experian provides this Answer subject to and without waiving its right to protect from disclosure all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or protection from discovery.

Except as expressly admitted herein, Experian denies any and all allegations set forth in the Complaint. Insofar as the section headings and/or subheadings of the Complaint purport to state factual allegations, Experian denies each and every allegation in the section headings and subheadings. Paragraph numbers in this Answer correspond exactly to paragraph numbers in the Complaint and respond to the allegations in each such paragraph. Experian's investigation of the present matter is ongoing. Accordingly, Experian expressly reserves the right to amend this Answer.

## EXPERIAN'S RESPONSE TO ALLEGATIONS

### INTRODUCTION

1. Experian admits that Plaintiff purports to bring the above captioned lawsuit against the named Defendants seeking a declaratory judgment and reimbursement as to Defendants Zeig Law Firm, LLC and Justin Zeig. Experian also admits that it has filed a lawsuit against Zeig Law Firm, LLC and Justin Zeig, among other defendants, that is pending in the United States District Court for the Central District of California, but states that the referenced complaint speaks for itself and denies any allegations in Paragraph 1 that are inconsistent therewith. Except as specifically admitted or denied, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

### JURISDICTION AND VENUE

2. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Experian admits that it is an Ohio entity with its headquarters and principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

6. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Experian admits that Plaintiff has alleged that venue in the United States District Court for the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2).

Experian states that this is a legal conclusion that is not subject to admission or denial. To the extent that a further response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

## FACTS

### A. The General Star Policy

8. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 8 that are inconsistent therewith. Except as specifically admitted or denied, Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 9 that are inconsistent therewith. Except as specifically admitted or denied, Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 10 that are inconsistent therewith. Except as specifically admitted or denied, Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 11 that are inconsistent therewith. Except as specifically admitted or denied, Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 12 that are inconsistent therewith. Except as specifically admitted or

denied, Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

**B. The Experian Lawsuit**

13. Experian admits the allegations in Paragraph 13.

14. Experian admits the allegations in Paragraph 14.

15. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 15 that are inconsistent therewith.

16. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 16 that are inconsistent therewith.

17. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 17 that are inconsistent therewith.

18. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 18 that are inconsistent therewith.

19. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 19 that are inconsistent therewith.

20. Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 20 that are inconsistent therewith.

**C. The Instant Coverage Dispute**

21. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Experian admits that Plaintiff has brought this action seeking declaratory relief and

reimbursement from Defendants Zeig Law Firm, LLC and Justin Zeig, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. The allegations in Paragraph 24 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

**CAUSES OF ACTION**

**Count One – Declaratory Judgment (No Duty to Defend)**

25. Experian repeats and reasserts its responses to Paragraphs 1 through 24 above as if fully set forth herein.

26. The allegations in Paragraph 26 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. The allegations in Paragraph 27 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 27 that are inconsistent therewith. Except as specifically denied, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. The allegations in Paragraph 28 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian states that the referenced documents speak for themselves and denies any allegations in Paragraph 28 that are inconsistent therewith. Except as specifically denied, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. The allegations in Paragraph 29 and the unnumbered paragraph below it contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and the unnumbered paragraph below it.

**Count Two – Declaratory Judgment (No Duty to Indemnify)**

30. Experian repeats and reasserts its responses to Paragraphs 1 through 29 above as if fully set forth herein.

31. The allegations in Paragraph 31 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. The allegations in Paragraph 32 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. The allegations in Paragraph 33 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 33 that are inconsistent therewith. Except as specifically denied, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. The allegations in Paragraph 34 and the unnumbered paragraph below it contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian states that the referenced documents speak for themselves and denies any allegations in Paragraph 34 and the unnumbered paragraph below it that are inconsistent therewith. Except as specifically denied, Experian lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 34 and the unnumbered paragraph below it.

**Count Three - Reimbursement**

35. Experian repeats and reasserts its responses to Paragraphs 1 through 34 above as if fully set forth herein.

36. The allegations in Paragraph 36 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 36 that are inconsistent therewith. Except as specifically denied, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. The allegations in Paragraph 38 contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian states that the referenced document speaks for itself and denies any allegations in Paragraph 38 that are inconsistent therewith. Except as specifically denied, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. The allegations in Paragraph 39 and the unnumbered paragraph below it contain purely legal conclusions that are not subject to admission or denial. To the extent that a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and the unnumbered paragraph below it.

* * *

## EXPERIAN'S AFFIRMATIVE DEFENSES

In further response to the Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them:

### FIRST AFFIRMATIVE DEFENSE

### (LACK OF STANDING / NO JUSTICIABLE CASE)

This Court lacks jurisdiction over Plaintiff's claims as against Experian because there is no actual case or controversy between Plaintiff and Experian within the meaning of Article III of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201.

### SECOND AFFIRMATIVE DEFENSE

### (LACK OF PRIVITY)

Experian has no contractual relationship with Plaintiff under the policy at issue. Because Experian has no privity of contract with Plaintiff under the policy, no coverage rights or obligations under the policy attach to Experian, and Plaintiff cannot assert any policy-based claim against Experian.

### THIRD AFFIRMATIVE DEFENSE

### (LACK OF RIPENESS)

Experian is informed and believes and thereon alleges that Plaintiff's claims are not yet ripe for adjudication.

### FOURTH AFFIRMATIVE DEFENSE

### (WAIVER)

Experian is informed and believes and thereon alleges that Plaintiff has waived any right to deny coverage, withdraw from the defense of the Zeig Defendants, or seek reimbursement of defense costs.

**FIFTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

Experian is informed and believes and thereon alleges that Plaintiff is equitably estopped from denying coverage and from seeking reimbursement of defense costs paid on behalf of the Zeig Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(LACHES)**

Experian is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

Experian is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

Experian is informed and believes and thereon alleges that Plaintiff failed to take reasonable steps to mitigate its alleged damages, including the defense costs it claims to have incurred on behalf of the Zeig Defendants.

**NINTH AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

The Complaint fails to state any claim upon which relief can be granted against Experian because none of the causes of action seek any substantive relief from Experian, and Plaintiff alleges no wrongful conduct by Experian giving rise to liability.

**TENTH AFFIRMATIVE DEFENSE**

**(NO NECESSARY OR PROPER RELIEF)**

Plaintiff seeks no affirmative relief against Experian. Accordingly, the Complaint should be dismissed as against Experian because no justiciable controversy exists between Plaintiff and Experian and no effective relief can be awarded against Experian.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**EXPERIAN'S PRAYER FOR RELIEF**

WHEREFORE, Respondent Experian prays as follows:

(1) For costs of suit and attorneys' fees herein incurred; and

(2) For such other and further relief as this Court may deem just and proper.

Respectfully submitted this 1st day of July, 2026.

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell, Esq.
Florida Bar No. 108109
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Phone: (202) 346-4000
Email: gschnell@goodwinlaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*