**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61549-AHS**

GENERAL STAR INDEMNITY COMPANY,

Plaintiff,

v.

ZEIG LAW FIRM, LLC, JUSTIN E. ZEIG, and EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

FILED BY VB D.C.
SEP 01 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**DEFENDANT JUSTIN E. ZEIG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Justin E. Zeig ("Zeig"), appearing pro se in his individual capacity, hereby answers Plaintiff General Star Indemnity Company's ("Plaintiff") Complaint (the "Complaint"). Zeig provides this Answer subject to and without waiving any applicable privilege or protection from discovery.

Except as expressly admitted herein, Zeig denies any and all allegations set forth in the Complaint. Insofar as the section headings and/or subheadings of the Complaint purport to state factual allegations, Zeig denies each and every allegation in the section headings and subheadings. Paragraph numbers in this Answer correspond exactly to paragraph numbers in the Complaint and respond to the allegations in each such paragraph. Zeig expressly reserves the right to amend this Answer as permitted by the Federal Rules of Civil Procedure.

**ZEIG'S RESPONSE TO ALLEGATIONS**

**INTRODUCTION**

1. Zeig admits that Plaintiff purports to bring the above-captioned lawsuit against the named Defendants seeking declaratory judgments and reimbursement as to Defendants Zeig Law

Firm, LLC and Justin Zeig. Zeig also admits that Experian Information Solutions, Inc. has filed a lawsuit against Zeig Law Firm, LLC and Justin Zeig, among other defendants, pending in the United States District Court for the Central District of California, but states that the referenced complaint speaks for itself and denies any allegations in Paragraph 1 that are inconsistent therewith. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2. Zeig lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Zeig admits only those allegations in Paragraph 3 concerning his own identity and residence that are accurately stated. Except as specifically admitted, Zeig denies the allegations in Paragraph 3.

4. Zeig lacks knowledge or information sufficient to form a belief as to the legal conclusions or other allegations in Paragraph 4 and therefore denies the same.

5. Zeig lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Zeig lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. Zeig admits that Plaintiff has alleged that venue in the United States District Court for the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(1)-(2). Zeig states that this is a legal conclusion that is not subject to admission or denial. To the extent a further response is required, Zeig denies any allegation inconsistent with his rights and defenses.

## FACTS

### A. The General Star Policy

8. Zeig states that the referenced Policy speaks for itself and denies any allegations in Paragraph 8 that are inconsistent therewith. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 8.

9. Zeig states that the referenced Policy speaks for itself and denies any allegations in Paragraph 9 that are inconsistent therewith. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 9.

10. Zeig states that the referenced Policy speaks for itself and denies any allegations in Paragraph 10 that are inconsistent therewith. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 10.

11. Zeig states that the referenced Policy speaks for itself and denies any allegations in Paragraph 11 that are inconsistent therewith. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 11.

12. Zeig states that the referenced Policy speaks for itself and denies any allegations in Paragraph 12 that are inconsistent therewith. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 12.

### B. The Experian Lawsuit

13. Zeig admits the allegations in Paragraph 13 only to the extent they identify the existence, caption, and pendency of the lawsuit filed by Experian. Zeig denies the truth of any underlying allegations of wrongdoing asserted against him.

14. Zeig admits the allegations in Paragraph 14 only to the extent they accurately describe the procedural existence or contents of the Underlying Action. The referenced pleadings speak for themselves, and Zeig denies liability for the claims asserted therein.

15. Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 15 that are inconsistent therewith. Zeig further denies the truth of any allegations of wrongdoing attributed to him.

16. Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 16 that are inconsistent therewith. Zeig further denies the truth of any allegations of wrongdoing attributed to him.

17. Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 17 that are inconsistent therewith. Zeig further denies the truth of any allegations of wrongdoing attributed to him.

18. Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 18 that are inconsistent therewith. Zeig further denies the truth of any allegations of wrongdoing attributed to him.

19. Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 19 that are inconsistent therewith. Zeig further denies the truth of any allegations of wrongdoing attributed to him.

20. Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 20 that are inconsistent therewith. Zeig further denies the truth of any allegations of wrongdoing attributed to him.

**C. The Instant Coverage Dispute**

21. Zeig denies the allegations in Paragraph 21 to the extent Plaintiff contends that it is entitled to terminate or avoid its defense or coverage obligations. Except as specifically admitted or denied, Zeig denies the allegations in Paragraph 21.

22. Zeig admits only that Plaintiff has undertaken the defense of the Zeig Defendants under a reservation of rights. The referenced reservation-of-rights materials speak for

themselves. Zeig denies that Plaintiff has a valid right to withdraw from the defense or obtain reimbursement of defense costs.

23. Zeig admits that Plaintiff has brought this action seeking declaratory relief and reimbursement from Defendants Zeig Law Firm, LLC and Justin Zeig, but denies that Plaintiff is entitled to such relief. Except as specifically admitted, Zeig denies the allegations in Paragraph 23.

24. The allegations in Paragraph 24 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig denies the allegations in Paragraph 24.

**CAUSES OF ACTION**

**Count One – Declaratory Judgment (No Duty to Defend)**

25. Zeig repeats and reasserts his responses to Paragraphs 1 through 24 above as if fully set forth herein.

26. The allegations in Paragraph 26 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 27 that are inconsistent therewith. Except as specifically admitted, Zeig denies the allegations in Paragraph 27.

28. The allegations in Paragraph 28 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig states that the referenced documents speak for themselves and denies any allegations in Paragraph 28 that are inconsistent therewith. Zeig specifically denies that Plaintiff is entitled to cease paying defense costs.

29. The allegations in Paragraph 29 and the unnumbered paragraph below it contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig denies that Plaintiff is entitled to the relief requested.

**Count Two – Declaratory Judgment (No Duty to Indemnify)**

30. Zeig repeats and reasserts his responses to Paragraphs 1 through 29 above as if fully set forth herein.

31. The allegations in Paragraph 31 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 33 that are inconsistent therewith. Except as specifically admitted, Zeig denies the allegations in Paragraph 33.

34. The allegations in Paragraph 34 and the unnumbered paragraph below it contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig states that the referenced documents speak for themselves and denies any allegations inconsistent therewith. Zeig further asserts that any indemnity determination dependent upon unresolved facts in the Underlying Action is premature and/or unripe.

**Count Three – Reimbursement**

35. Zeig repeats and reasserts his responses to Paragraphs 1 through 34 above as if fully set forth herein.

36. The allegations in Paragraph 36 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig states that the referenced document speaks for itself and denies any allegations in Paragraph 36 that are inconsistent therewith. Zeig specifically denies that Plaintiff possesses an enforceable right to reimbursement from him.

37. Zeig denies the allegations in Paragraph 37 and denies that he is liable to Plaintiff for defense expenses.

38. The allegations in Paragraph 38 contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig states that the referenced documents speak for themselves and denies any allegations in Paragraph 38 that are inconsistent therewith. Zeig specifically denies that any unilateral reservation of rights creates an enforceable reimbursement obligation not otherwise established by the Policy and applicable law.

39. The allegations in Paragraph 39 and the unnumbered paragraph below it contain legal conclusions that are not subject to admission or denial. To the extent that a response is required, Zeig denies the allegations and denies that Plaintiff is entitled to reimbursement or any other relief requested therein.

## ZEIG'S AFFIRMATIVE DEFENSES

In further response to the Complaint, Zeig hereby asserts the following affirmative defenses, without conceding that he bears the burden of persuasion as to any of them:

### FIRST AFFIRMATIVE DEFENSE

### (LACK OF RIPENESS)

Plaintiff's claims, particularly its request for a declaration concerning indemnity to the extent dependent upon unresolved facts in the Underlying Action, are not yet ripe for adjudication.

**SECOND AFFIRMATIVE DEFENSE**

**(WAIVER)**

Plaintiff has waived, in whole or in part and to the extent permitted by applicable law, any right to deny coverage, withdraw from the defense of the Zeig Defendants, or seek reimbursement of defense costs.

**THIRD AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

Plaintiff is equitably estopped, in whole or in part and to the extent permitted by applicable law, from denying coverage, withdrawing from the defense, and/or seeking reimbursement of defense costs paid on behalf of the Zeig Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(LACHES)**

Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

To the extent Plaintiff seeks equitable relief, its claims are barred or limited by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

Plaintiff failed to take reasonable steps to mitigate any damages it claims to have incurred, including defense costs for which it seeks reimbursement.

**SEVENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

The Complaint fails, in whole or in part, to state a claim upon which the requested relief can be granted against Zeig, including because Plaintiff has not established an enforceable contractual or other right to reimbursement of defense costs from Zeig.

**EIGHTH AFFIRMATIVE DEFENSE**

**(DUTY TO DEFEND / POLICY COVERAGE)**

The allegations of the Underlying Action, when compared with the Policy as a whole, trigger and/or preserve Plaintiff's duty to defend. Plaintiff has not established that all claims against Zeig fall wholly within an applicable exclusion so as to eliminate that duty.

**NINTH AFFIRMATIVE DEFENSE**

**(EXCLUSIONS AND AMBIGUITIES)**

Any exclusions relied upon by Plaintiff must be strictly construed in accordance with applicable law, and any ambiguity in the Policy must be construed against the insurer and in favor of coverage.

**TENTH AFFIRMATIVE DEFENSE**

**(NO ENFORCEABLE RIGHT TO REIMBURSEMENT)**

Plaintiff has not established an enforceable contractual, equitable, or other right requiring Zeig to reimburse defense fees and costs paid in connection with the Underlying Action. A unilateral reservation of rights does not itself create substantive rights beyond those provided by the Policy and applicable law.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Zeig reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery, the Policy and claim materials, and factual developments in this case and the Underlying Action.

## ZEIG'S PRAYER FOR RELIEF

WHEREFORE, Defendant Justin E. Zeig prays as follows:

(1) That Plaintiff take nothing by its Complaint against Zeig and that the declaratory and reimbursement relief sought against him be denied;

(2) That the Court determine, as appropriate, that Plaintiff remains obligated to provide a defense to Zeig in the Underlying Action;

(3) For costs and such other relief as may be authorized by law; and

(4) For such other and further relief as this Court may deem just and proper.

**Respectfully submitted this 1st day of September, 2026.**

Justin E. Zeig, Pro Se
Defendant Justin E. Zeig, individually
Justin@boteahconsulting.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2026, I served a true and correct copy of the foregoing on all counsel of record by E-mail.

Justin E. Zeig