**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No. 0:26-CV-61549-AHS - Civil**

GENERAL STAR INDEMNITY
COMPANY,

Plaintiff,

v.

ZEIG LAW FIRM, LLC, JUSTIN E.
ZEIG, EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendants.
_____________________________________/

**GENERAL STAR'S MOTION TO DISMISS EXPERIAN
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, General Star Indemnity Company ("General Star"), pursuant to Federal Rule of Civil Procedure 41(a)(2) and, in the alternative, Federal Rule of Civil Procedure 21, respectfully moves the Court for an order dismissing Defendant Experian Information Solutions, Inc. ("Experian") from this action without prejudice, each party to bear its own fees and costs. In support, General Star states as follows.

**Background**

1. This is a declaratory-judgment action concerning insurance coverage. General Star seeks a declaration of its rights and obligations, if any, under a lawyers professional liability policy issued to Zeig Law Firm, LLC, with respect to the lawsuit Experian filed

against Zeig Law Firm, LLC and Justin E. Zeig in the United States District Court for the Central District of California (the "Underlying Lawsuit"). (Compl., Dkt. No. 1.)

2. General Star seeks no relief from Experian. Experian, the claimant in the Underlying Lawsuit, was named as a defendant so that any coverage determination would bind it. Under Florida law, an insurer may join the underlying claimant in a declaratory action concerning coverage, and the claimant must be made a party if it is to be bound by the coverage decision. Fla. Stat. § 86.091; *Allstate Ins. Co. v. Conde*, 595 So. 2d 1005, 1008 & n.6 (Fla. Dist. Ct. App. 1992).

3. General Star and Experian have agreed that Experian will be dismissed from this action while remaining bound by any judgment on the merits concerning coverage for the Underlying Lawsuit. (Stipulation to Be Bound by Judgment, attached as Exhibit 1.) Experian consents to the relief sought in this motion.

**Legal Standard**

4. Except as provided in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). The Eleventh Circuit "has recognized that Rule 41(a) allows a district court to dismiss all claims against a particular defendant." *Rosell v. VSMB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023).

5. Rule 21 provides an alternative avenue to the same result: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. *See*

*also Weinstein v. 440 Corp.*, 146 F.4th 1046, 1052 (11th Cir. 2025) (observing that Rule 21 provides an alternative basis for dismissing parties).

6. Dismissal of Experian is appropriate and will prejudice no party. General Star pleads no claim against Experian and seeks no relief from it. Experian consents to its dismissal and has agreed to remain bound by any merits judgment on coverage, so General Star and the remaining defendants retain the benefit of a coverage determination that binds the underlying claimant.

7. Dismissal without prejudice is the default under Rule 41(a)(2) and is appropriate here, because Experian's exit rests on its agreement to be bound by the merits judgment — not on any adjudication of claims against it.

**WHEREFORE**, General Star respectfully requests that the Court enter an order dismissing Defendant Experian Information Solutions, Inc. from this action without prejudice, with each party to bear its own fees and costs, and granting such other relief as the Court deems just and proper.

**Certificate of Conferral (S.D. Fla. L.R. 7.1(a)(3))**

Pursuant to Local Rule 7.1(a)(3), counsel for General Star certifies that counsel conferred in a good-faith effort to resolve the issues raised in this motion with all parties who may be affected by the relief sought. On September 4, 2026, undersigned counsel conferred by email with counsel for Experian Information Solutions, Inc. (Grant E. L. Schnell) and with Justin E. Zeig — in his individual capacity and, as the Firm's principal, on behalf of Zeig Law Firm, LLC, which has not yet retained counsel — setting out the relief sought and requesting each party's position.

Counsel for Experian confirmed on September 8, 2026 that Experian consents to the relief sought. Justin E. Zeig responded on September 8, 2026, on behalf of the Zeig Defendants, that the Zeig Defendants do not consent to Experian's dismissal. The motion is therefore unopposed by Experian and opposed by Zeig Law Firm, LLC and Justin E. Zeig, and the issues raised could not be resolved by agreement as to the Zeig Defendants. (See email correspondence attached as Exhibit 2.)

Dated: September 9, 2026.

Respectfully submitted,

/s/ Ashley N. Flynn
Christopher A. Wadley* (IL Bar No. 6278651)
Philip G. Brandt* (IL Bar No. 6295960)
Ashley N. Flynn (FL Bar No. 124995)
Walker Wilcox Matousek LLP
One N. Franklin St. Ste. 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
Email: cwadley@walkerwilcox.com
pbrandt@walkerwilcox.com
aflynn@walkerwilcox.com

*Admitted *pro hac vice*

Attorneys for General Star Indemnity Company

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion has been filed electronically on September 9, 2026 with the United States District Court for the Southern District of Florida and served upon all counsel of record via the CM/ECF System.

/s/ Ashley N. Flynn